## E. L. LEBEAU v. J. D. JEWELL.

The wife can not during the life of her husband retake her dowry without a judgment. C. C., 2317, 2327, 2401, 2404.

An order of seizure and sale in favor of the wife against her husband, on account of her dowry, will not be sustained against a third possessor of the property whose title was acquired previous to the recording of the wife's judgment.

APPEAL from the District Court, of the Parish of Point Coupée, *Farrar,* J. L. *Mahoudeau,* for plaintiff. *Provosty,* for defendant and appellant.

SLIDELL, C. J. The question upon the merits in this cause is whether the plaintiff's claim against her husband for restitution of dower was real or fictitious. A question of fraud is involved, and it was solved by the jury in favor of the plaintiff. Another jury, in a suit between the wife and a creditor of the husband upon substantially the same evidence, found a verdict in favor of the wife and it was affirmed by the Supreme Court. We have come to the same conclusion as our predecessors did, and are not able to say that the conclusion of the jury was manifestly erroneous. See the case of *Lebeau* v. *Mance,* February, 1849.

While however we concur in the judgment recognizing the wife's mortgage upon the property in the possession of the defendant, we think the proceeding by order of seizure and sale was irregular, it was a proceeding upon her judgment to collect the balance due thereon, and the judgment was not recorded until after the defendant became a third possessor by purchase under the fieri facias of another creditor against the husband.

It is obvious that the mere existence of the marriage contract constituting the dowry and exhibiting the husbands acknowledgement of its receipt, and its

registry before the third possessor acquired title to the land, would not have authorized the order of seizure and sale. The husband was still living, as acknowledged in the petition. During his life the wife could not retake her dowry without a judgment, Civil Code 2317, 2327, 2399, 2401, 2404, &c., the judgment therefore was an essential requisite in the wife's application for an order of seizure and sale, and being not recorded until after the third possessor acquired title, according both to the evidence and the admission in the petition for the order of seizure and sale, that order should not have been granted. Executory proceedings being an exparte and extraordinary remedy should be strictly construed.

Whether in any case a writ of seizure and sale can issue upon a judicial mortgage against a third possessor, is a question we need not now decide.

We do not think the appellant is entitled to have the proceeding entirely dismissed. It is true it commenced by an order of seizure and sale, and that after the injunction was obtained upon the ground, among others, that Mrs. *Lebeau*, was not entitled to executory process, she in her answer to the petition of injunction still persisted in her right to a writ of seizure and sale and asked damages under the statute. But on the other hand an issue was also made upon the merits ; the question of fraud was fully investigated before a jury, and there was a verdict in favor of Mrs. *Lebeau.* It would be unreasonable under the circumstances, upon a mere question of form to render the litigation and verdict fruitless. The District Judge, therefore erred in authorizing the plaintiff to proceed in the execution of her writ of seizure and sale, but he would have been authorized under all the circumstances in decreeing that Mrs. *Lebeau* had a judicial mortgage upon the land, to be enforced by *fieri facias* as in ordinary cases, but that she should pay costs theretofore accrued by reason of her persistance in her claim of the right of executory process to collect the balance due on her judgment.

It is therefore decreed that the judgment of the District Court be reversed, and it is decreed that the said Mrs. *Elizabeth Lezene Lebeau*, wife of *Honore Mane*, has a judicial mortgage upon the property described in the petition for injunction in the possesion of the said *Joseph Duncan Jewell*, for the sum of three thousand four hundred and two dollars, and that the same be sold to satisfy said judgment and costs of executing this decree, the costs heretofore incurred in both courts to be paid by the said Mrs. *E. L. Lebeau Mane.*